UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

JACK OWENS, JEFFREY DREES, KATELYN
MURPHY, PATRICK MANOLIAN, SCOTT
MANN, and SEAN HUSSEY, on behalf of
themselves and all other similarly situated,
          Plaintiffs,

v.

CITY OF MALDEN,
          Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an Action brought under the Fair Labor Standards Act of 1939, as amended, 29 USC 201, et seq. (The Act) for overtime wages that were not paid to police employees of the City of Malden amongst others performing paid details for or on behalf of the City of Malden, for the City's charge of a fee of ten percent of the cost of services to each employee performing paid details at all times material to this Complaint. By Massachusetts statute, the City is permitted to charge a detail administration fee of ten percent of the cost of services to the persons requesting such detail, not to the employee performing said detail. Contrary to Massachusetts statute and the Act, the City has unlawfully reduced the hourly detail rate for each employee by an amount of ten percent and, has otherwise failed to pay said overtime wages. Some, but not all, details performed by the Plaintiffs were details performed for or on behalf of the City of Malden for the performance of public services and, as such, are covered by the Act. The payment of wages to the Plaintiffs for details performed for private persons other than the City of Malden are otherwise governed by the Massachusetts Wage Act.

2. The affected Plaintiffs bring this action for a declaratory judgment, backpay for

unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and for violations of the Massachusetts Wage Act, G.L. c. 149, § 148.

3. Defendant's willful violations of the FLSA include unlawful reduction of the paid detail rate in the amount of ten percent per Plaintiff per detail hour worked.

## II. JURISDICTION

4. Jurisdiction over this action is conferred on the court by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§ 2201 and 2202.

6. The Court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

8. Plaintiffs Jack Owens, Jeffrey Drees, Katelyn Murphy, Patrick Manolian, Scott Mann and Sean Hussey are members of the Malden Police Patrolmen's Association and are employed as police officers by the City of Malden at material times therein this litigation. They bring this Action on behalf of themselves and all others similarly situated. Plaintiffs are or were patrol or superior officers within the City of Malden Police Department.

9. The defendant in this action is the City of Malden which is a person or entity that falls within the definition of "employer" within the meaning of 29 U.S.C. § 203(b).

## IV. FACTS

10. Plaintiffs are employees covered by the FLSA.

11. Defendant has agreed to pay Plaintiffs an hourly rate for work defined as "paid

details."

12. The base rate for paid details is, and was at all times relevant to this Complaint, one and one half times the maximum patrolman's rate of pay including a night differential.

13. The parties have not agreed upon any reductions to the hourly rate stated in paragraph 12.

14. Massachusetts General Laws chapter 44, section 53C permits the Defendant to establish a fee not to exceed ten percent of the rate for paid details which shall be paid by the persons requesting such paid detail.

15. The Defendant is expressly prohibited from charging a fee for paid details performed by employees for the City itself.

16. The parties have not agreed to reduce the hourly rate for work defined as "paid details" by the ten percent fee authorized by M.G.L. c. 44, § 53C, which shall be charged to the person requesting such detail and not to the employee performing said detail.

17. Nevertheless, at all times material, the Plaintiffs have worked paid details for the Defendant and for private persons and have received a rate of compensation which has been unlawfully reduced by ten percent.

18. Plaintiffs work a forty-hour work week, and the regular work period is a 7-day week.

19. Plaintiffs are paid a flat rate that is less than the FLSA overtime rate when performing certain overtime work referred to as "paid details," and the Defendant does not include the amount paid to officers for such paid details in calculating the regular rate and corresponding FLSA overtime rate.

## COUNT I

20. With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs.

21. Defendant has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs all overtime compensation due them under the FLSA and its implementing regulations, specifically by compensating Plaintiffs for FLSA overtime services in many instances by unlawfully reducing their overtime payment by ten percent, rather than charging the ten percent fee authorized by M.G.L. c. 44, § 53C to the persons requesting such detail.

## COUNT II

22. With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs.

23. Defendant has violated and continues to violate the Massachusetts Wage Act, M.G.L. c. 149, § 148, by failing and refusing in a willful and intentional manner to pay Plaintiff's all overtime compensation due them under the Massachusetts Wage Act, specifically by compensating Plaintiffs for paid details performed for private persons at a rate which was unlawfully reduced by ten percent, rather than charging the ten percent fee authorized by M.G.L. c. 44, § 53C to the persons requesting such detail

WHEREFORE, the Plaintiffs pray for the following relief:

a. Judgment and a declaration that the acts complained of herein are in violation of the Act and that the defendant, City of Malden is liable to the plaintiffs under the Act for any and all unpaid overtime compensation, less any amount actually paid them, from on and after three (3) years preceding the filing of this Complaint and continuing plus and amount in liquidated damages equal to those amounts;

b. Judgment and a declaration that the acts complained of herein are in violation of the Massachusetts Wage Act and that the defendant, City of Malden is liable to the plaintiffs under the Massachusetts Wage Act for any and all unpaid wages, less any amount actually paid them, from on and after three (3) years preceding the filing of

      this Complaint and continuing plus and amount in damages pursuant to M.G.L. c. 149, § 150;

c.    An award of reasonable costs and attorneys fees for the prosecution of this suit to be paid by the city as required by 29 USC § 216 and M.G.L. c. 149, § 150; and

d.    Such other and further relief as this court deems just and appropriate.

## JURY DEMAND

The plaintiffs demand a trial on all issues so triable.

>Plaintiffs,
>JACK OWENS, JEFFREY DREES,
>KATELYN MURPHY, PATRICK
>MANOLIAN, SCOTT MANN, and SEAN
>HUSSEY, on behalf of themselves and all
>other similarly situated
>by their attorneys,
>
>/s/*Joseph A. Padolsky*
>_____
>Joseph A. Padolsky (BBO # 679725)
>jpadolsky@lccplaw.com
>Louison, Costello, Condon & Pfaff LLP
>101 Summer Street
>Boston, MA 02110
>(617) 439-0305
>(617) 439-0325 (facsimile)

Date: August 28, 2019