UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:   19-CV-11835-WGY

JACK OWENS, JEFFREY DREES, KATELYN
MURPHY, PATRICK MANOLIAN, SCOTT
MANN, and SEAN HUSSEY, on behalf of
themselves and all other similarly situated,
         Plaintiffs,

v.

CITY OF MALDEN
         Defendants.

**AMENDED COMPLAINT**

**I. INTRODUCTION**

    1.    This is an Action brought under the Fair Labor Standards Act of 1939, as amended, 29 USC 201, et seq. for overtime wages that were not paid to police employees of the City of Malden amongst others performing paid details for or on behalf of the City of Malden, for the City's unlawful charge of a fee of ten percent of the cost of services to each employee performing paid details at all times material to this Complaint.   By Massachusetts statute, the City is permitted to charge a detail administration fee of ten percent of the cost of services to the persons requesting such detail, not to the employee performing said detail.   The City has done the exact opposite.   The City has unlawfully reduced the hourly detail rate for each employee by an amount of ten percent and has appropriated these funds into its general funds.   In the timeframe operative to this complaint, the named Plaintiffs and those similarly situated have worked over six-thousand detail jobs.   As many as twenty-five percent of the details in question were performed for or on behalf of the City of Malden as the employer and, as such, are covered by the FLSA.   The payment of unlawfully reduced wages to the Plaintiffs for details performed for private persons other than the City of Malden are otherwise violations of the Massachusetts Wage Act.

2.     The affected Plaintiffs bring this action for a declaratory judgment, backpay for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and for violations of the Massachusetts Wage Act, G.L. c. 149, § 148.

3.     Defendant's willful violations of the FLSA include unlawful reduction of the paid detail rate in the amount of ten percent per Plaintiff per detail hour worked.

## II.  JURISDICTION

4.     Jurisdiction over this action is conferred on the court by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

5.     Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§ 2201 and 2202.

6.     The Court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.

7.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

8.     Plaintiffs Jack Owens, Jeffrey Drees, Katelyn Murphy, Patrick Manolian, Scott Mann and Sean Hussey are members of the Malden Police Patrolmen's Association and are employed as police officers by the City of Malden at material times therein this litigation.  They bring this Action on behalf of themselves and all others similarly situated.  Plaintiffs are or were patrol or superior officers within the City of Malden Police Department.

9.     The defendant City of Malden is a person or entity that falls within the definition of "employer" within the meaning of 29 U.S.C. § 203(b).

## IV.  FACTS

10.    Plaintiffs are employees covered by the FLSA.

11. Defendant has agreed to pay Plaintiffs an hourly rate for work defined as "paid details."

12. The rate is paid for details performed on behalf of the City and for those performed for private third parties.

13. The base rate for paid details is, and was at all times, relevant to this Complaint, one-and one-half times the maximum patrolman's rate of pay including a night differential.

14. The City of Malden has established a Detail Board comprised of Patrolmen and Superior Officers.

15. The Detail Board has no authority over the hourly rate for work defined as paid details. The Detail Board cannot adjust the rate for any reason. More specifically, the Detail Board cannot adjust the rate upwards or downwards.

16. The Detail Board was comprised to make a recommendation to the City regarding the hiring of the Police Detail Clerk, who is a civilian employee of the City of Malden.

17. Otherwise, the Detail Board was comprised to manage the rotation of the details list to ensure fair distribution of details among all Patrol and Superior Officers of the City of Malden Police Department.

18. The Detail Board performs no other functions.

19. The Detail Board has not adjusted the rate below the agreed to hourly rate by any amount; specifically, the Detail Board did not reduce the detail rate by ten percent.

20. It was the City which unilaterally reduced the hourly rate, as is more fully discussed below.

21. Neither the Plaintiffs and those similarly situated nor the Patrol or Superior Officer Unions have agreed upon any reductions to the hourly rate for paid details.

22. The Detail Board has not agreed to any reduction of the hourly rate for paid details,

nor does it have the authority to enter into such an agreement with the City.

23. The Patrol and Superior Officers' Unions are the only organizations under the Massachusetts Labor Relations statute which could have agreed to such a reduction in wages. However, no such reduction was agreed upon.

24. Nevertheless, the City has unlawfully reduced the wages of the Plaintiffs and all others similarly situated.

25. Massachusetts General Laws chapter 44, section 53C permits the Defendant to establish a fee ("detail administration fee") not to exceed ten percent of the rate for paid details which shall be paid by the persons requesting such paid detail.

26. The Defendant is expressly prohibited from charging a fee for paid details performed by employees for the City itself.

27. At all times relevant to this Complaint, the City has charged the detail administration fee of ten percent to the Plaintiffs and all others similarly situated, the persons performing the paid detail and not the party hiring the paid detail.

28. The detail administration fee of up to ten percent of the rate for paid details is collected by the City and deposited in the City of Malden's general funds.

29. The City has collected and still collects this fee regardless of whether it hired the detail or a private third party has hired the detail.

30. This is the case for thousands of details worked by the Plaintiffs and those similarly situated over the operative time period.

31. As many as twenty-five percent (25%) of paid details performed by the Plaintiffs and those similarly situated were for or on behalf of the City of Malden, not a separate and independent private contractor.

32. As detailed above, neither the individual Plaintiffs to this action nor the Patrol or

Superior Officers' Unions have agreed to this reduction.

33. When the Plaintiffs or those similarly situated have performed details on behalf of the City of Malden, the City has reduced the agreed to hourly rate for work defined as paid details by ten percent. This is a violation of the FLSA.

34. When the Plaintiffs or those similarly situated have performed details on behalf of private third-parties, the City has reduced the agreed to hourly rate for work defined as paid details by ten percent. This is a violation of the Massachusetts Wage Act.

35. At all times material, the Plaintiffs and those similarly situated have worked paid details for the Defendant and for private persons and have received a rate of compensation which has been unlawfully reduced by ten percent.

36. The City has appropriated these amounts to the City's general funds.

37. Plaintiffs work a forty-hour work week, and the regular work period is a 7-day week.

38. Plaintiffs' work on detail services is work performed in excess of a standard work week.

39. Detail services performed on behalf of the City of Malden constitute overtime covered by the FLSA.

40. Further, the City has what is referred to as "priority details." These are paid details for work performed on behalf of the City of Malden. The City requires that "priority details" be filled prior to Plaintiffs working paid details for private third parties.

41. When performing "priority details" for the City, because the City has unlawfully reduced the paid detail rate by ten percent which appropriates into its general funds, the Plaintiffs and those similarly situated are paid a rate that is less than the minimum FLSA overtime rate.

42. The City also does not include the amount paid to officers for such paid details in calculating the regular rate and corresponding FLSA overtime rate.

43. The City's unlawful acts are willful.

44. <u>Malden Patrolmen's Association v. City of Malden</u>, Middlesex Superior Court, Civil Action No.: 1581CV00223 involves the interplay of the Massachusetts Wage Act and the Massachusetts Municipal Finance Law (G.L. c. 44, § 53C). The case involves the timeliness of payments and the distinction between the timeliness required by both the Massachusetts Wage Act and the Massachusetts Municipal Finance Law. The case puts the City on notice of that which it should have known – the statutory detail administrative fee is to be charged to the contractor and not the employee. Despite this case specific notice, the City of Malden failed to correct its violations of the FLSA and the Massachusetts Wage Act and the violations continue.

## COUNT I

45. With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs.

46. Defendant City of Malden has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs and all others similarly situated all overtime compensation due them under the FLSA and its implementing regulations, specifically by unlawfully reducing FLSA overtime payments by ten percent for any and all paid detail work performed for or on behalf of the City of Malden as the employer.

## COUNT II

47. With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs.

48. Defendant City of Malden has violated and continues to violate the Massachusetts Wage Act, M.G.L. c. 149, § 148, by failing and refusing in a willful and intentional manner to pay Plaintiffs and all others similarly situated all compensation due them under the Massachusetts Wage Act. Specifically, the City of Malden has unlawfully reduced the Plaintiffs and all others similarly

situated earned paid detail wages by ten percent and the City has appropriated the same and deposited the monies into the general funds of the City of Malden.

WHEREFORE, the Plaintiffs pray for the following relief:

a. Judgment and a declaration that the acts complained of herein are in violation of the FLSA and that the defendant, City of Malden is liable to the plaintiffs under the FLSA for any and all unpaid overtime compensation, less any amount actually paid them, from one and after three (3) years preceding the filing of this Complaint and continuing plus an amount in liquidated damages equal to those amounts;

b. Judgment and a declaration that the acts complained of herein are in violation of the Massachusetts Wage Act and that the defendant, City of Malden is liable to the plaintiffs under the Massachusetts Wage Act for any and all unpaid wages, less any amount actually paid them, from on and after three (3) years preceding the filing of this Complaint and continuing plus an amount in damages pursuant to M.G.L. c. 149, § 150;

c. An award of reasonable costs and attorney's fees for the prosecution of this suit to be paid by the City as required by 29 USC § 216 and M.G.L. c. 149, § 150; and

d. Such other and further relief as this court deems just and appropriate.

## **JURY DEMAND**

The plaintiffs demand a trial on all issues so triable.

                Plaintiffs,
                JACK OWENS, JEFFREY DREES,
                KATELYN MURPHY, PATRICK
                MANOLIAN, SCOTT MANN, and SEAN
                HUSSEY, on behalf of themselves and all
                other similarly situated
                by their attorneys,

                /s/ *Joseph A. Padolsky*
                _____
                Joseph A. Padolsky (BBO # 679725)
                jpadolsky@lccplaw.com
                Louison, Costello, Condon & Pfaff LLP
                101 Summer Street
                Boston, MA 02110
                (617) 439-0305
                (617) 439-0325 (facsimile)

Date: November 27, 2019