## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACK OWENS, JEFFREY DREES, KATELYN MURPHY, PATRICK MANOLIAN, SCOTT MANN, and SEAN HUSSEY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF MALDEN,<br><br>    Defendant. | Civil Action No. 1:19-cv-11835-WGY |

## **DEFENDANT'S MOTION TO DECERTIFY**

  Defendant City of Malden (the "City") hereby moves for an order decertifying any Fair Labor Standards Act ("FLSA") collective in this action and dismissing the opt-in Plaintiffs from this action without prejudice. Plaintiffs have failed to carry their burden of showing that overtime liability across all members of the ostensible collective can be established through representative proof, as a collective action under the FLSA requires. In fact, the evidence introduced during trial established quite the opposite; whether any Plaintiff worked more than 40 hours during any workweek is a determination that requires individualized proof and a painstaking examination of each Plaintiff's activities during each workweek in question. Plaintiffs' counsel conceded this point during a hearing that followed day three of trial. Under those circumstances, the proper procedural course is the dismissal of the opt-in Plaintiffs from this action, leaving those who may believe they have viable FLSA claims to pursue them on an individual basis.

1

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     Claims Asserted and Travel of the Case**

Plaintiffs filed their original complaint on August 28, 2019.  Dkt. 1.  They filed their amended complaint on November 27, 2019.  Dkt. 8.  In both pleadings, Plaintiffs asserted that the City violated the FLSA by failing to pay them and other police officers proper overtime wages for "City Details" and violated the Massachusetts Wage Act by deducting a 10% administrative fee from their wages.  *See* Am. Compl, Docket No. 8, ¶¶ 46, 48.  Neither of Plaintiffs' complaints request certification of a collective under the FLSA or of a class under Fed. R. Civ. P. 23 ("Rule 23").  In fact, neither pleading alleges facts as to Plaintiffs' satisfaction of the requirements for certification of a collective under the FLSA or of a class under Rule 23, beyond Plaintiffs' formulaic statement that they purport to bring their claims "on behalf of themselves and all others similarly situated."  Dkt. 8, p. 1.  Plaintiffs have never filed any motion seeking certification of a collective under the FLSA or of a class under Rule 23.

On February 22, 2021, the Court certified a class under Rule 23 during a hearing on the parties' motions for summary judgment.  The Court's certification order was not in response to a certification motion from Plaintiffs, or any proffer that certification was proper.  The Court inquired of Plaintiff's counsel:  "First of all, if I let the – if I certify the Wage Act claim co-extensive with those who opted in on the FLSA claim, you're fine with that, correct?"  *See* Transcript of Feb. 22, 2021 Hearing, p. 6, excerpts at **Exhibit 1**.  After Plaintiffs' counsel responded in the affirmative, the Court ordered certification.  *Id*. (holding "I do so certify.").  There have been no other oral or written statements or orders from the Court regarding class certification under Rule 23.

### B.     The Evidentiary Record Bearing on Certification

There has been no testimony from any Plaintiffs about their weekly hours of work. The only information relating to weekly hours of work in the record before the Court consists of pay statements and time cards. *See* Trial Exhibits 14, 39-40, 43. No single record can determine whether there is liability to any Plaintiff. The process requires several steps. First, each Plaintiffs' proper FLSA overtime rate must be calculated based on his or her hourly pay rate and the wage augments to which he or she is entitled, which vary substantially among the Plaintiffs. That rate must be compared to the detail rate of pay in effect during the period in question, and many Plaintiffs' individual rates of pay are such that the detail rate more than satisfies any FLSA overtime requirements.

For those Plaintiffs whose regular compensation is high enough to create a potential underpayment for FLSA overtime based on work performed on City Details, it must be determined whether they ever worked more than forty hours during the same workweek in which they worked a City Detail. That aspect of the analysis requires reference to several discrete sets of information, including Plaintiffs' time cards and a sprawling separate listing of details (most of which are not City Details). Plaintiffs' struggles to make this showing at trial demonstrate that incidents of FLSA overtime and City details occurring in the same week, if they occurred at all, are rare, and those same struggles illustrate the burdensome nature of the exercise of determining potential liability on a Plaintiff-by-Plaintiff basis.

There is no way to shortcut the rigorous analysis necessary to evaluate Plaintiffs' FLSA overtime claim. Plaintiffs indisputably worked varying schedules and received pay for vacation and sick time that they did not actually work. Plaintiffs also receive pay for a mandatory minimum

number of hours for various assignments.[1] Thus, Plaintiffs are often paid for a substantially greater number of hours than they work, limiting the utility of any records of what they were paid in assessing whether they have worked more than forty hours in a given week. Pay stubs and similar documents therefore cannot be used to shortcut the arduous week-by-week analysis necessary to assess whether any given Plaintiff actually worked overtime in any week in which he or she worked a City Detail.

Despite extensive efforts, Plaintiffs have been unable to establish a single instance of an officer working more than forty hours in the same workweek that the officer worked a City Detail.[2] During Trial Day 2, Plaintiffs' counsel established two potential instances of an officer working more than forty hours in a week in which he also worked a City Detail, but both were outside the applicable statute of limitations period and properly excluded from evidence.[3] During Trial Day 3, Plaintiffs undertook to establish two instances of an officer working more than forty hours in the same week as a City Detail, but cross-examination revealed that neither of Plaintiffs' proffers

---

[1] For example, Plaintiffs receive guaranteed minimum overtime compensation of three hours, in the event that they are recalled to duty either after they left their shift or on a day off. Ex. 3, 1997 CBA, Art. 16, § 2; Ex. 5, 2019 CBA, Art. 16, § 2. Similarly, Plaintiffs receive a minimum of four hours' pay for appearances in court outside their regular working schedules, regardless of how long such engagements take. Ex. 3, 1997 CBA, Art. 14, § 1; Ex. 5, 2019 CBA, Art. 14, § 1.

[2] Plaintiffs have offered an exhibit under Fed. R. Evid. 1006 that purports to show overtime liability. That exhibit is subject to objections based on its accuracy and because it reflects information outside of the statute of limitations period.

[3] Plaintiffs first undertook to show an instance of overtime worked in the same week as a City Detail with respect to a detail worked by Michael Powell on April 24, 2017. Officer Powell joined this litigation on August 21, 2020. *See* Docket No. 123. The standard and presumptive statute of limitations for FLSA violations is two years from the date on which a plaintiff initiates or joins litigation. *See* 29 U.S.C. § 255; *see also McLaughlin v. Richard Shoe Co.*, 486 U.S. 128, 133 (1988). Any claim based on this detail would be time-barred by approximately sixteen months. Plaintiffs then put on evidence of a City Detail worked by Captain John Amirault on March 9, 2018. Captain Amirault also joined this litigation on August 21, 2020 (Docket No. 34), and the detail at issue is thus time-barred by approximately five months.

involved a workweek of more than forty hours.[4]  Plaintiffs have not even attempted to show any overtime worked by the vast majority of the more than 100 individual participants in this action.

## ARGUMENT

"Certification proceedings in putative FLSA collective actions typically are divided into two stages." *O'Donnell v. Robert Half Intern., Inc.*, 429 F. Supp. 2d 246, 249 (D. Mass. 2006). At the first stage, often before discovery, courts generally hold plaintiffs to a "fairly lenient standard" of making a minimal showing that members of the collective are similarly situated to secure conditional certification. *Id. (citing Kane v. Gage Merch. Servs.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001)). At the second stage, usually after discovery, courts apply a "stringent standard of proof in determining whether plaintiffs are similarly situated for the purposes of the FLSA." *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011); *see also Gonpo v. Sonam's Stonewalls & Arts, LLC*, Civil Action No. 16-40138-MGM, 2018 WL 1725695, at *4 (D. Mass. Apr. 9, 2018).

Courts are required to make factual findings and examine the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated. *Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 557 (D. Mass. 2017); *Cruz v. Lyn-Rog, Inc.*, 754 F. Supp. 2d 521, 523-24 (S.D.N.Y. 2010). When the decertification of an FLSA collective is raised after discovery has occurred, a court must examine a variety of factors, including "(i) disparate factual and

---

[4] Plaintiffs undertook to show that Officer Patrick Manolian worked more than forty hours during the workweek in which he worked a City Detail for the Department of Public Works on October 31, 2020. Cross-examination revealed that this presentation was based on an errant construction of the applicable workweek, and that Officer Manolian in fact worked a total of approximately 28 hours during the week at issue. Plaintiffs then referenced a detail worked by Officer Richard Barthelmes on March 14, 2020 at the request of the Mayor's Office. Upon cross-examination, it was demonstrated that this presentation was also based on an errant construction of the applicable workweek, and Officer Barthelmes worked approximately 36 total hours during the week in question.

employment settings of the individual plaintiffs; (ii) defenses available to the defendants which appear to be individual to each plaintiff; and (iii) fairness and procedural considerations counseling for or against collective action treatment." *Zivali*, 784 F.Supp.2d at 460 (citations omitted). "[T]he similarities necessary to maintain a collective action under [the FLSA] must extend beyond the mere facts of job duties and pay provisions." *Sargent v. HG Staffing*, LLC, 2016 U.S. Dist. LEXIS 39893, *104-109 (D. Nev. March 22, 2016) (quotations omitted). After discovery, a Plaintiff faces a substantial burden to show that members of the collective are similarly situated in the respects relevant to their FLSA claims. *Botero v. Commonwealth Limousine Serv., Inc.*, 2014 U.S. Dist. LEXIS 40636, *8 (D. Mass. Mar. 25, 2014) ("standard is 'lenient' when based solely on the pleadings but increases as more evidence is presented to the Court.").

In order for a case to proceed to judgment on an FLSA collective action basis, Plaintiffs must show that they can establish their claims by resort to representative proof, that would allow their claims to rise or fall together. *See Botero*, 2014 U.S. Dist. LEXIS 40636 at *9-14 (denying conditional certification, observing that inquiry into compensable work time "does not generate common answers and cannot be answered 'yes' or 'no' on a classwide basis.") (internal quotations and citations omitted); *Mendez v. U.S. Nonwovens Corp.*, 2016 U.S. Dist. LEXIS 43957, *17 (E.D.N.Y. Mar. 31, 2016) (decertifying FLSA collective where inconsistencies between each plaintiff "suggests that the claims are not susceptible to resolution based on generalized proof."); *Zivali*, 784 F. Supp. 2d at 469 (decertifying FLSA collective where, holding that the need for evidence regarding each individual plaintiff "is the antithesis of collective action treatment").[5] If a

---

[5] *See also Trezvant v. Fidelity Employer Servs. Corp.*, 434 F. Supp. 2d 40, 45 (D. Mass. 2006) (holding court must be satisfied "that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in this case.") (internal quotations omitted); *Nez v. Southwest Glass & Glazing, Inc.*, 2016 U.S. Dist. LEXIS 195640, *21 (D. N.M. Dec. 22, 2016) (decertifying FLSA collective where differences between plaintiffs and

plaintiff fails to prove that he and the opt-in plaintiffs are similarly situated under this more onerous burden of proof, decertification is proper.  *See id.*  Here, Plaintiffs have not met their burden.

Discovery is over, and trial is nearly over, yet Plaintiffs have failed to establish overtime liability for each officer at issue in this case or even propose some means by which they could attempt to do so.  The evidence has established numerous dissimilarities between Plaintiffs in ways that bear on the viability of their respective FLSA claims; their rates of pay, standard working schedules, and frequency of working City Details vary substantially from officer-to-officer.  Those variables will determine whether any given Plaintiff has an entitlement to additional pay under the FLSA, and because these factors vary greatly among the Plaintiffs in this case, a finding as to whether there is or is not liability as to any given Plaintiff tells the Court and the parties nothing about whether any other Plaintiff may also have a viable claim.  Fundamentally, the claims asserted and record facts in this litigation will require that their FLSA claims be evaluated on an individual-by-individual basis, which is anathema to a collective action proceeding.

There is no evidence before the Court that even one Plaintiff worked more than 40 hours during a workweek in which he or she also worked a City Detail during the operative recovery period.  Even if there were such evidence, that evidence could not be used to extrapolate any findings as to any other Plaintiff.  In fact, at the end of Trial Day 3, Plaintiffs' counsel conceded that he was unable to establish overtime liability across all Plaintiffs based on the records presented at trial or within the reasonable time parameters set by the Court for trial.

---

opt-ins "inhibit representative proof of liability"); *Stevens v. HMSHost Corp.*, 2014 U.S. Dist. LEXIS 119653, *21-22 (E.D.N.Y. Aug. 26, 2014) (decertifying FLSA collective where variations between plaintiffs meant that liability across the collective was "not amenable to generalized or representative proof."); *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 687-689 (D. Md. 2010) (denying certification due to need for individualized inquiries to determine hours of work and thus liability and damages).

Because the record has established that Plaintiffs' overtime claim under the FLSA cannot be adjudicated on a collective basis with representative proof, decertification is proper ,and the Court should dismiss the claims of all opt-in Plaintiffs. *See Zivali*, 784 F. Supp. 2d at 460 (if plaintiffs are not similarly situated, "the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims.").

## **CONCLUSION**

Accordingly, the City respectfully requests an order decertifying any FLSA collective in this action, and dismissing the claims of any opt-in Plaintiffs.

DATED: May 10, 2021

Respectfully submitted,

DEFENDANT CITY OF MALDEN

By its attorneys:

*/s/ Alison H. Silveira*_____
Barry J. Miller (BBO # 661596)
bmiller@seyfarth.com
Alison Silveira (BBO # 666814)
asilveira@seyfarth.com
Timothy Buckley (BBO # 691200)
tbuckley@seyfarth.com
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801


John J. Clifford (BBO # 630796)
john@cliffordkennylaw.com
David K. Kouroyen (BBO # 696559)
david@cliffordkennylaw.com
Clifford & Kenny, LLP
31 Schoosett St., Suite 405
Pembroke, MA 02359
Telephone: (781) 924-5796

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on May 10, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's ECF system, which will send notice of this filing to all counsel of record.

                                      */s/ Alison H. Silveira*
                                      Alison H. Silveira