UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACK OWENS, JEFFREY DREES, KATELYN MURPHY, PATRICK MANOLIAN, SCOTT MANN, and SEAN HUSSEY, on behalf of themselves and all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>CITY OF MALDEN,<br><br>          Defendant. | Civil Action No. 1:19-cv-11835-WGY |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' POST-TRIAL BRIEF

This response addresses one discrete factual point in relation to Plaintiffs' Post-Trial Brief (Dkt. 240), which Plaintiffs filed on May 28, 2021, constructively one business day before the post-trial hearing that the Court scheduled for purposes of issuing its findings of fact and rulings of law following a jury-waived trial. After several failed attempts at trial, Plaintiffs belatedly attempt yet again in their Post-Trial Brief to demonstrate at least one instance of a violation of the overtime provisions of the Fair Labor Standards Act at issue in Count I of their operative Compliant. As with their several prior attempts, Plaintiffs again fail to demonstrate any violation of the statute.

First, Plaintiffs' latest proffer again relies upon Proposed Exhibit AR. Plaintiffs fail to acknowledge, and have never attempted to address, the numerous deficiencies in Proposed Exhibit AR identified the City's Objection to that document (Dkt. 238). Proposed Exhibit AR is not in evidence, and in light of its numerous defects, it cannot be properly admitted.

Plaintiffs' post-trial attempt to demonstrate a violation of the FLSA also fails to demonstrate that any individual has been undercompensated for overtime work. Plaintiffs posit

an instance in which Officer Stephen Bellavia worked a City Detail on May 28, 2019, during a workweek in which Plaintiffs contend that Officer Bellavia worked forty non-detail hours (Dkt. 240, at 3). The underlying records of Officer Bellavia's hours of work reflect that he worked fewer than forty hours in the workweek at issue that count toward the FLSA's hours threshold, and there was no FLSA violation. More specifically, Plaintiffs fail to account for the fact that sixteen of the hours that Officer Bellavia worked during this workweek were in conjunction with shifts he swapped with another officer. Exhibit 39.6, p. 21.[1] Hours worked during approved, voluntarily swapped shifts do not count toward the FLSA's overtime threshold pursuant to the plain language of the statute. 29 U.S.C. § 207(p)(3) ("hours [a substitute employee] worked as a substitute [for another employee] shall be excluded by the [City] in the calculation of the hours for which the employee is entitled to overtime compensation"); *see also Chodkowski v. County of Nassau,* 2018 WL 6521839, at *6 (E.D.N.Y. May 8, 2018).[2] Further, consistent with their general burden of proof as plaintiffs, it is Plaintiffs' burden to put forward any facts they contend to take a shift swap outside the strictures of Section 207(p)(3). 29 U.S.C. § 207(p)(3) (hours worked by substituting officers "*shall* be excluded"); *Chodkowski*, *supra* (dismissing FLSA claim based on shift swaps where plaintiffs failed to plead facts to show swaps were not voluntary or without the agency's approval). Plaintiffs make no attempt to demonstrate that Officer Bellavia's swapped shifts were outside Section 207(p)(3) and thus countable toward the overtime threshold. As such, the sixteen

---

[1] Specifically, the records reflect that Officer Bellavia worked eight hours in a swapped shift on Saturday May 25, 2019, and another eight hours in a swapped shift on Friday, May 31, 2019. Exhibit 39.6, at 21.

[2] The record evidence reflects that shift swaps are voluntary and subject to approval by the City, as the statute requires. Exhibit 3, 2019 CBA, Art. 10, § 1 ("Members of the Police Department may be permitted to substitute or exchange time with members of equal rank at the discretion of the bureau commander or his designee, which discretion shall be reasonable [sic] exercised."); Exhibit 5, 1997 CBA, Art. 10, § 1 (substantially the same).

hours Officer Bellavia worked in swapped shifts during the week that is the subject of Plaintiffs example do not count toward the overtime threshold, and he worked a total of 28 hours creditable toward the overtime threshold during the week in question.  There was no FLSA overtime violation, and Plaintiffs have failed yet again to carry their burden of proof in relation to Count I.

DATED: June 1, 2021

Respectfully submitted,

DEFENDANT CITY OF MALDEN

By its attorneys:

/s/ Alison H. Silveira
Barry J. Miller (BBO # 661596)
bmiller@seyfarth.com
Alison Silveira (BBO # 666814)
asilveira@seyfarth.com
Timothy Buckley (BBO # 691200)
tbuckley@seyfarth.com
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801

John J. Clifford (BBO # 630796)
john@cliffordkennylaw.com
David K. Kouroyen (BBO # 696559)
david@cliffordkennylaw.com
Clifford & Kenny, LLP
31 Schoosett St., Suite 405
Pembroke, MA 02359
Telephone: (781) 924-5796

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's ECF system, which will send notice of this filing to all counsel of record.

/s/  Alison H. Silveira

71469689v.3