```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                 )
JACK OWENS, JEFFREY DREES, KATELYN )
MURPHY, PATRICK MANOLIAN, SCOTT  )
MANN, and SEAN HUSSEY, on behalf )
of themselves and all others     )
similarly situated,              )
                                 )
               Plaintiffs,       )
                                 )
          v.                     )    CIVIL ACTION
                                 )    NO. 19-11835-WGY
CITY OF MALDEN,                  )
                                 )
               Defendant.        )
_____ )
```

YOUNG, D.J.                                              June 10, 2021

## ORDER

Following a 5-day jury-waived trial, lasting from May 5, 2021 to May 11, 2021, a hearing was held on June 2, 2021, during which the Court provided the parties with its rulings of law and related findings of fact in this matter. A memorandum of decision in relation to these rulings and findings will be provided to the parties in due course. The below Order summarizes the Court's rulings as to the timing of future actions and events in this matter only. In accordance with the rulings made at the June 2, 2021 Hearing, the parties in this matter are directed as follows:

**I.   The Plaintiffs' Massachusetts Wage Act, Massachusetts General Laws Chapter 149 Claim (the "Wage Act claim")**

A.   Within 30 days following the June 2, 2021 Hearing, the Plaintiffs shall file a complaint with the Massachusetts Attorney General (the "Attorney General"), pursuant to Massachusetts General Laws chapter 149, section 150 (the "Complaint").

B.   Should the Plaintiffs fail to demonstrate that a Complaint has been filed within the timeframe mandated in paragraph I.A. above, the Plaintiffs' Wage Act claim will be dismissed with prejudice.

C.   If the Plaintiffs demonstrate to the Court that a Complaint with the Attorney General has been filed within the timeframe mandated in paragraph I.A. above, the parties are granted a further 30 days from the date of the filing of the Complaint with the Attorney General within which to brief the Court as to the legal effect of that filing.  The Plaintiffs are instructed to include a statement in their Complaint with the Attorney General, indicating that this Court invites the Attorney General to file her own brief within the same thirty-day timeframe regarding the legal effect of the filing of the Plaintiffs' Complaint with respect to the matter currently pending before this Court.

D.   Within 45 days from the date of the June 2, 2021 Hearing, the parties, jointly or individually, are to file a form of judgment, setting out in detail, for each Plaintiff who

is deemed to be eligible to be compensated in accordance with the Plaintiffs' Wage Act claim, the date, time and nature of the detail work performed by each such individual Plaintiff, as well as the amount of compensation actually paid to such Plaintiff and now deemed owed under the Wage Act.

  **E.** If found to be appropriate by the Court, judgment regarding the Plaintiffs' Wage Act claim will enter at a reasonable time thereafter.

  **II. The Plaintiffs' Fair Labor Standards Act, 29 U.S.C.A. §§ 201-219 Claim (the "FLSA claim")**

  **A.** The collective class with respect to the Plaintiffs' FLSA claim is provisionally decertified.

  **B.** For those Plaintiffs for whom it is believed that the requirements of the FLSA are met and who have not been found eligible to be compensated under the Wage Act in this case are instructed to file with the Court individual FLSA claims within a time period of six (6) months following the Hearing on June 2, 2021.

  **C.** If and to the extent that no such filings are made for individual Plaintiffs within the timeframe mandated in paragraph II.B. above, judgment on the Plaintiffs' FLSA claims will enter for the City.

  **D.** The City may, within 30 days after the filing of any individual claims in accordance with paragraph II.B. above,

dispute the substance and/or accuracy of any such filings in brief(s) filed with the Court.

**E.**  The City's brief(s) may include a showing that individual City of Malden Departments are to be considered "separate and independent employer[s]" under 29 U.S.C.A. §207(p)(1) on the basis of evidence proffered at the trial and/or facts of which the Court can take judicial notice.  Any hours of city detail work performed by an individual Plaintiff for which the City is able to make such showing are to be disregarded for the purpose of calculating overtime in accordance with 29 U.S.C.A. §207(a)(1) for that particular Plaintiff.

**F.**  If found to be appropriate by the Court, judgment in relation to individual Plaintiffs' FLSA claims will enter at a reasonable time thereafter.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE