UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JACK OWENS, JEFFREY DREES, KATELYN MURPHY, PATRICK MANOLIAN, SCOTT MANN, and SEAN HUSSEY, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

CITY OF MALDEN,

Defendant.

Civil Action No. 1:19-cv-11835-WGY

## [DEFENDANT'S PROPOSED] FORM OF JUDGMENT

Pursuant to this Court's Order dated June 10, 2021 (Dkt. 246, the "Order"), Defendant City of Malden submits this Proposed Form of Judgment as to the amount each Plaintiff is eligible to receive, if judgment enters in this case in the manner contemplated by the Order and the Court's preliminary rulings of law and related findings as articulated during the June 2, 2021 hearing (the "Preliminary Rulings").[1]  In submitting this Proposed Form of Judgment, Defendant expressly reserves all rights, as contemplated by the Court in ordering Defendant to make this submission.[2]

---

[1] Since the June 2, 2021 hearing, counsel for the City and for the Plaintiffs conferred telephonically and then over email regarding the proposed form of judgment. The Parties did not come to an agreement regarding the calculation of the proposed form of judgment, and exchanged emails disagreeing on material aspects of the other's methodology. As such, the City submits its proposed form of judgment, with the understanding that Plaintiffs will submit theirs separately. The City objects to Plaintiffs' proposed order of judgment, including but not limited to the extent it includes damages greater than those presented by the City, and/or includes individuals who are not plaintiffs to this lawsuit.

[2] *See* Transcript of Judge's Ruling, dated June 2, 2021 ("Tr.") at 13:10-17 ("and of course since theoretically the calculus works out in the plaintiff's favor, by proffering a form of judgment, the defense waives nothing, they simply are accommodating the Court because careful calculations are what is necessary here. But no waiver is made, no admission is made by the City by proffering a form of judgment . . .").

1

Based on this Court's Preliminary Rulings, Defendant submits that the total amount that would be owed to each Plaintiff, based on the Court's June 2 pronouncements and if the Court allows Plaintiffs to proceed with their Wage Act claim notwithstanding their failure to timely file with the Attorney General (*see* Dkt. 249), is as set forth below. As required by Paragraph I.D of the Order, Defendant also submits as **Exhibit A** hereto a PDF table listing "the date, time and nature of the detail work performed by each … individual Plaintiff." With respect to the "nature of the detail work performed," Defendant has included in **Exhibit A** the name of the entity requesting the detail, as well as the hourly rate paid for such detail, and an indication as to whether that rate paid to each Plaintiff for such detail exceeds the applicable detail rate as determined by the Court and set forth in the Court's rulings of law. *See* Tr. at 7:14-8:5.

| Plaintiff[3] | Total Detail Pay Received[4] | Additional Amount Owed Per Court's Preliminary Rulings (Single)[5,6] | Additional Amount Owed Per Court's Preliminary Rulings (Trebled) |
|---|---|---|---|
| Amirault, John | $250,880.28 | $9,414.36 | $28,243.08 |
| Bailey, Patricia | $398,234.75 | $6,280.89 | $18,842.67 |
| Barthelmes, Richard | $261,209.88 | $6,573.71 | $19,721.13 |
| Bellavia, Stephen | $549,787.13 | $20,972.35 | $62,917.05 |
| Bellavia, Stephen C | $289,988.02 | $8,960.69 | $26,882.07 |

---

[3] For the purpose of this Form of Judgment, Defendant has included only Plaintiffs who worked details during the three-year period prior to Plaintiffs' post-trial filing of a complaint with the Massachusetts Attorney General. As explained in Defendant's Memorandum Regarding Plaintiffs' Failure to Satisfy Statutory Prerequisites Under the Wage Act (Dkt. 249), the Legislature deliberately tied the tolling of the statute of limitations for Wage Act claims to the administrative filing with the AG, rather than the filing of suit in court. G.L. c. 149, § 150. Therefore, the relevant three-year period for the purpose of a judgment in Plaintiffs' favor on Count II runs from June 8, 2018. For the sake of completeness, Defendant has included details in **Exhibit A** from the period August 28, 2016 (three years prior to the filing of the Complaint in Court), but has attributed $0 as owing for such details.

[4] In calculating the total detail pay received by and/or owing to any Plaintiff for the period June 8, 2018 forward, Defendant has included only those details worked at a rate at or below the rate specified by the Court as the rate prescribed by the relevant collective bargaining agreements at the June 2, 2021 hearing. *See* Tr. at 7:14-8:5. Defendant has excluded details worked at a higher rate of pay, because the parties' collective bargaining agreement (Trial Exhibit 5) does not contemplate or prescribe any higher detail rates, notwithstanding the fact that the City has paid higher rates for certain types of details as a matter of practice. The record before the Court is devoid of any evidence that the City ever agreed to pay any Plaintiff for work performed on a detail at a rate higher than the detail rate set forth in Article 23, § 3 of the parties' collective bargaining agreement. *See Salerno v. Baystate Ford*, 2016 WL 513747, at *2 (Mass. Super. Feb. 5, 2016) ("the Wage Act requires no more than that employees be paid on a timely basis and in accordance with the terms of their agreement with their employees."). To the extent that the Court considers details worked higher than the detail rate set forth in Article 23, § 3 of the parties' collective bargaining agreement, which it should not, it must not permit the pyramiding of numerous premiums upon the same detail worked. There is no record evidence that such pyramiding of premium upon premium is required by the parties' collective bargaining agreement. Again, for the sake of completeness, Defendant has included details in **Exhibit A** that were paid at a rate higher than the applicable detail rate, but has attributed $0 as owing for such details.

[5] In announcing its Preliminary Rulings, the Court expressly premised its finding of Wage Act liability on a perceived violation by the City of G.L. c. 44, § 53C (the "Municipal Finance Law"). Tr. at 7:1-6, 8:2-5. As of the date of this filing, the Court has yet to issue a memorandum fully explaining the reasoning underlying the conclusions stated in summary fashion at the June 2, 2021 hearing. However, Plaintiffs did not bring a claim under the Municipal Finance Law, nor would they have had standing to do so, for the reasons set forth in Section IV of Defendant's Post-Trial Brief (Dkt. 239). If, however, the Court's Preliminary Rulings are premised on such a violation of the Municipal Finance Law, that statute on its face applies only to details worked on behalf of private, third party entities, as the Court recognized. *See* Tr. 6:22-7:6 (the Municipal Finance Law "requires that the person requesting a *private* detail must pay a 10 percent administrative fee . . .") (emphasis added). However, Defendant has included details worked on behalf of the City in the calculations set forth herein and in **Exhibit A**. Therefore, to the extent the Court intended to include only private details in its rulings of law, the per plaintiff amounts set forth herein are overstated and must be reduced.

[6] Although not addressed in the Order, the City notes that, as a political subdivision of the Commonwealth, it is not subject to prejudgment interest. *McDonough v. City of Quincy*, 353 F. Supp. 2d 179, 191 (D. Mass. 2005). To the extent that the prejudgment interest may apply to the City, it is at the rate prescribed by the federal Treasury. 28 U.S.C. § 1961; G.L. c. 231, §6(i).

3

| Plaintiff | Total Detail Pay Received | Additional Amount Owed Per Court's Preliminary Rulings (Single) | Additional Amount Owed Per Court's Preliminary Rulings (Trebled) |
|---|---|---|---|
| Borges, Ayrton | $209,722.20 | $9,133.56 | $27,400.68 |
| Bourque, Daniel | $143,230.50 | $830.29 | $2,490.87 |
| Bowie, Noelle Pierce | $27,298.83 | $406.99 | $1,220.97 |
| Calhoun, Tyler | $257,035.01 | $7,983.29 | $23,949.87 |
| Carlin, Carole | $36,174.38 | $0.00 | $0.00 |
| Carroll, Scott | $237,545.38 | $6,646.99 | $19,940.97 |
| Casaletto, Michael | $201,769.68 | $1,386.83 | $4,160.49 |
| Casella, James | $64,460.43 | $3,948.49 | $11,845.47 |
| Catana, Danny | $451,518.76 | $15,654.17 | $46,962.51 |
| Charpentier, Alison | $5,940.66 | $0.00 | $0.00 |
| Chen, Andy | $21,750.61 | $2,453.28 | $7,359.84 |
| Choi, Edmund | $74,699.46 | $2,648.05 | $7,944.15 |
| Clemente, Robert | $154,270.54 | $1,250.75 | $3,752.25 |
| Cloherty, Conor | $89,187.80 | $2,333.72 | $7,001.16 |
| Co, Kevin | $93,504.36 | $1,363.35 | $4,090.05 |
| Connelly, David | $133,929.45 | $4,084.61 | $12,253.83 |
| Correale, Richard | $210,999.37 | $2,286.60 | $6,859.80 |
| Cox, Nicholas | $249,579.66 | $9,354.24 | $28,062.72 |
| Crannell, Jon | $148,493.02 | $746.37 | $2,239.11 |
| D Entremont, Corey | $80,068.94 | $315.04 | $945.12 |
| Dadaille, Sandroff | $39,610.71 | $3,351.74 | $10,055.22 |
| Delaney, John | $37,240.23 | $0.00 | $0.00 |
| DiCarlo, Cameron | $29,504.15 | $760.38 | $2,281.14 |
| Dillon, Shawn | $123,066.67 | $11,417.86 | $34,253.58 |
| Disalvatore, Robert | $52,388.46 | $0.00 | $0.00 |
| Doherty, Richard | $161,301.73 | $4,742.63 | $14,227.89 |
| Donovan, Russell | $236,062.19 | $6,851.99 | $20,555.97 |
| Drees, Jeffrey | $184,929.69 | $6,578.72 | $19,736.16 |
| Ferrick, Kevin | $211,166.03 | $5,838.04 | $17,514.12 |
| Ferry, Blake | $29,000.60 | $3,106.95 | $9,320.85 |
| Fitzpatrick, Edward | $94,541.02 | $0.00 | $0.00 |
| Fitzpatrick, Steven | $510,707.88 | $13,472.21 | $40,416.63 |
| Fortier, Ryan | $258,392.01 | $7,206.41 | $21,619.23 |
| Franzese, David | $232,121.70 | $5,029.51 | $15,088.53 |
| Froio, Jason | $370,723.70 | $12,454.90 | $37,364.70 |
| Gatcomb, Marc | $260,151.80 | $2,432.27 | $7,296.81 |

4

| Plaintiff | Total Detail Pay Received | Additional Amount Owed Per Court's Preliminary Rulings (Single) | Additional Amount Owed Per Court's Preliminary Rulings (Trebled) |
|---|---|---|---|
| Gennetti, Salvatore | $304,232.64 | $9,979.71 | $29,939.13 |
| Giordano, Michael | $411,992.86 | $18,507.39 | $55,522.17 |
| Gomez, Ever | $182,087.07 | $8,470.39 | $25,411.17 |
| Grenier, Amanda | $53,370.37 | $1,792.40 | $5,377.20 |
| Griffiths, Christopher | $104,025.61 | $2,680.80 | $8,042.40 |
| Halloran, Phillip | $200,969.31 | $8,722.52 | $26,167.56 |
| Headley, Trent | $316,491.50 | $12,194.61 | $36,583.83 |
| Holland, Maureen | $52,535.94 | $57.28 | $171.84 |
| Hopkins, Paul | $664,324.96 | $16,285.40 | $48,856.20 |
| Hussey, Sean | $283,628.77 | $9,690.18 | $29,070.54 |
| Israelson, Erik | $326,766.83 | $16,541.46 | $49,624.38 |
| Keefe, Joseph | $121,503.99 | $6,700.84 | $20,102.52 |
| Kelley, John | $323,345.23 | $8,296.40 | $24,889.20 |
| Kelley, Renee | $3,606.42 | $129.12 | $387.36 |
| Killion, Kevin | $69,496.22 | $2,392.65 | $7,177.95 |
| Kinnon, Patrick | $154,668.51 | $7,304.69 | $21,914.07 |
| Kruschewsky, Gustavo | $350,688.78 | $14,663.68 | $43,991.04 |
| Lamour, Jean | $133,227.00 | $1,652.78 | $4,958.34 |
| Langston, Michael | $183,130.43 | $8,137.24 | $24,411.72 |
| Lanni, John | $168,738.45 | $5,994.05 | $17,982.15 |
| Law, Kevin | $219,383.04 | $8,583.23 | $25,749.69 |
| Lopez, George | $21,581.96 | $111.81 | $335.43 |
| Lubinger, Steven | $134,747.64 | $3,623.89 | $10,871.67 |
| Luongo, Michael | $220,011.83 | $6,775.28 | $20,325.84 |
| MacDonald, Margaret | $367,270.13 | $4,947.11 | $14,841.33 |
| Mackay, George | $442,605.43 | $17,412.46 | $52,237.38 |
| Maher, Adam | $52,125.34 | $1,427.43 | $4,282.29 |
| Mann, Scott | $175,975.35 | $7,848.94 | $23,546.82 |
| Manolian, Patrick | $331,460.58 | $13,458.52 | $40,375.56 |
| Martinez, Joseph | $9,946.60 | $1,194.36 | $3,583.08 |
| McAdam, June | $4,555.60 | $0.00 | $0.00 |
| McGahey, Lawrence | $110,367.77 | $210.40 | $631.20 |
| McKenna, Kevin | $246,560.55 | $8,855.71 | $26,567.13 |
| McLeod, Paul | $217,457.30 | $3,561.09 | $10,683.27 |

| Plaintiff | Total Detail Pay Received | Additional Amount Owed Per Court's Preliminary Rulings (Single) | Additional Amount Owed Per Court's Preliminary Rulings (Trebled) |
|---|---|---|---|
| McNeal, Elijah | $292,240.54 | $4,483.72 | $13,451.16 |
| Medeiros, John | $30,658.08 | $92.04 | $276.12 |
| Mitchell, Peter | $118,205.38 | $1,237.51 | $3,712.53 |
| Montina, Michelet | $178,600.27 | $3,698.23 | $11,094.69 |
| Montoya, Jesus | $177,450.17 | $5,377.65 | $16,132.95 |
| Mulcahy, Steven | $134,528.58 | $2,882.17 | $8,646.51 |
| Munyon, Stephen | $69,113.36 | $2,075.41 | $6,226.23 |
| Murphy, Katelyn | $75,970.65 | $1,264.82 | $3,794.46 |
| Newnan, Brian | $99,973.38 | $0.00 | $0.00 |
| Noble, Stephen | $160,199.18 | $4,414.47 | $13,243.41 |
| O'Brien, Robert | $51,994.92 | $1,110.52 | $3,331.56 |
| Owens, Jack | $196,073.14 | $7,255.37 | $21,766.11 |
| Paci, Salvatore | $189,692.90 | $9,201.34 | $27,604.02 |
| Polston, Michael | $83,000.15 | $1,838.11 | $5,514.33 |
| Powell, Michael | $137,999.91 | $236.84 | $710.52 |
| Quinn, Matthew | $205,702.67 | $8,983.63 | $26,950.89 |
| Redmond, Joshua | $178,173.58 | $7,118.88 | $21,356.64 |
| Reynolds, John | $231,677.33 | $3,542.94 | $10,628.82 |
| Rowe, William | $91,996.33 | $3,984.63 | $11,953.89 |
| Russell, Kevin | $43,096.36 | $4,540.41 | $13,621.23 |
| Selfridge, Cameron | $234,898.23 | $15,711.20 | $47,133.60 |
| Selfridge, Robert | $199,392.48 | $7,693.47 | $23,080.41 |
| Shaw, Kyle | $140,459.46 | $14,461.75 | $43,385.25 |
| Sheridan, Kevin | $92,346.88 | $865.58 | $2,596.74 |
| Siegel, Adam | $199,885.05 | $6,376.24 | $19,128.72 |
| Sylva, Daniel | $36,041.46 | $4,357.80 | $13,073.40 |
| Tilley, Brian | $225,685.54 | $12,095.02 | $36,285.06 |
| Tuxbury, Evan | $160,178.10 | $1,124.55 | $3,373.65 |
| Wadland, Robert | $233,859.49 | $9,280.81 | $27,842.43 |
| Walker, Joseph | $337,900.79 | $20,091.98 | $60,275.94 |
| Washington, Charles | $72,643.29 | $2,264.18 | $6,792.54 |
| Watkins, Kenneth | $224,588.71 | $11,174.73 | $33,524.19 |
| Wilson, Keith | $46,698.58 | $2,333.45 | $7,000.35 |
| Yanovitch, Amanda | $8,927.89 | $932.54 | $2,797.62 |
| Yung, David | $149,837.74 | $1,218.70 | $3,656.10 |
| **Total** | **$19,544,758.25** | **$629,796.74** | **$1,889,390.22** |

DATED: July 16, 2021

Respectfully submitted,

DEFENDANT CITY OF MALDEN

By its attorneys:

*/s/ Alison H. Silveira*
Barry J. Miller (BBO # 661596)
bmiller@seyfarth.com
Alison Silveira (BBO # 666814)
asilveira@seyfarth.com
Timothy Buckley (BBO # 691200)
tbuckley@seyfarth.com
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801

John J. Clifford (BBO # 630796)
john@cliffordkennylaw.com
David K. Kouroyen (BBO # 696559)
david@cliffordkennylaw.com
Clifford & Kenny, LLP
31 Schoosett St., Suite 405
Pembroke, MA 02359
Telephone: (781) 924-5796

## CERTIFICATE OF SERVICE

I hereby certify that, on July 16, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's ECF system, which will send notice of this filing to all counsel of record.

*/s/ Alison H. Silveira*