```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

```
_____
                                       )
JACK OWENS, JEFFREY DREES, KATELYN     )
MURPHY, PATRICK MANOLIAN, SCOTT        )
MANN, and SEAN HUSSEY, on behalf       )
of themselves and all others           )
similarly situated,                    )
                                       )
               Plaintiffs,             )
                                       )
       v.                              )    CIVIL ACTION
                                       )    NO. 19-11835-WGY
CITY OF MALDEN,                        )
               Defendant.              )
_____)
```

YOUNG, D.J.                                    February 15, 2022

**ORDER**

On October 26, 2021, this Court issued a Memorandum of Decision ("October 26 Memorandum") provisionally decertifying Plaintiffs' Jack Owens, Jeffrey Drees, Katelyn Murphy, Patrick Manolian, Scott Mann, and Sean Hussey (the "Plaintiffs") class action as to their Fair Labor Standards Act ("FLSA") claim, (count I), Am. Compl. ¶¶ 45-46, ECF No. 8. See Corrected Mem. Decision 71, ECF No. 267. The October 26 Memorandum also instructed "[e]ach individual Plaintiff in this matter" to demonstrate their FLSA eligibility, in accordance with the requirements of 29 U.S.C. § 207(a)(1). Id. 72-74.

With the exception of their second proposed final judgment, filed on December 1, 2021, see Pls.' Proposed Final J. Regarding

City Malden's Violation Fair Labor Standards Act, ECF No. 268, the Plaintiffs have made no submissions since that date. Defendant City of Malden ("the City of Malden") has furthermore filed a response objecting to the Plaintiffs' proposed order in several respects.  <u>See</u> Def.'s Resp. Pls.' Proposed Final J., ECF No. 270.

**Upon review of the parties' submissions, the Court rules as follows:**

As to the FLSA claim, the Plaintiffs have failed to comply with this Court's October 26 Memorandum; no showings sufficient to establish each individual Plaintiff's FLSA eligibility have been made.  Accordingly, this Court decertifies the FLSA class, Fed. R. Civ. P. 23(c)(1), and the FLSA claim (count I), Am. Compl. ¶¶ 45-46, is dismissed as to **all** Plaintiffs without prejudice and is expressly not adjudicated on the merits, Fed. R. Civ. P. 41(b).

With respect to the Plaintiffs' Massachusetts General Laws chapter 149, section 148, Wage Act ("Wage Act") claim (count II), Am. Compl. ¶¶ 47-48, the parties shall submit a joint proposed judgment and attorney's fees award **by March 15, 2022,** in accordance with the requirements set out below.  Otherwise, the Plaintiffs shall **by March 15, 2022** file a proposed judgment

and attorney's fees award, and the City of Malden shall **by March 30, 2022** file a response.[1]

As to the proposed judgment for the Wage Act claim, the Plaintiffs shall file a submission detailing the total proposed damages as well as a break down for each individual Plaintiff and the basis for the calculations.[2]

With respect to proposed attorney's fees, the Plaintiffs shall submit a proposed attorney's fees award as to the **Wage Act Claim only**, Mass. Gen. Laws ch. 149, § 150; no other attorney's fees are to be included in the calculation.  The Plaintiffs shall make an appropriate showing as to the "experience and

---

[1] Any responsive submissions by the City of Malden shall include proposed alternative figures for damages and attorney's fees, respectively, if objected to, and shall specify in detail the evidence supporting its calculations.

[2] The parties' submissions should include, but are not limited to, Excel sheets containing the raw data (e.g., the individual Plaintiff, the hours worked by that Plaintiff, and the manner in which the Wage Act damages have been calculated for that Plaintiff).  Each damages calculation shall be supported by citations to the specific exhibits, admitted as evidence at trial, that support the damages award.

For example, should an individual qualify for enhancements to the detail rate called "Multipliers," see September 24, 2021 Order 3-4, ECF No. 264, and should those Multipliers be taken into account in that individual's damages calculation, the parties shall provide evidentiary support that the Multipliers apply, or an affidavit to that effect.

Parties shall provide clearly labeled, single-sided courtesy copies of all submissions and supporting documents.  The parties shall email a copy of any spreadsheets to Ms. Gaudet and opposing counsel.

skill" of their lawyers and "the prevailing market rate in the community for attorneys with such qualifications." Dixon v. Int'l Bhd. of Police Officers, 434 F. Supp. 2d 73, 84 (D. Mass. 2006).  The Plaintiffs shall also provide detailed information as to each individual for whose time attorney's fees are sought, provide affidavits attesting to how many hours each individual expended on the Wage Act claim, and submit an itemized list in support of their calculation.

Upon further review of these submissions the Court will enter final judgment in this action.


**SO ORDERED.**


/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE