UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:  19-CV-11835-WGY

JACK OWENS, JEFFREY DREES, KATELYN MURPHY, PATRICK MANOLIAN, SCOTT MANN, and SEAN HUSSEY, on behalf of themselves and all other similarly situated,
    Plaintiffs,

v.

CITY OF MALDEN
    Defendants.

**[PLAINTIFFS' PROPOSED]**
**FINAL JUDGMENT REGARDING CITY OF MALDEN'S VIOLATION OF THE MASSACHUSETTS WAGE ACT M.G.L. c 149, § 148 PURSUANT TO ECF. NO. 271**

  After a determination of the City of Malden's liability on Count II (M.G.L. c. 149, § 148) of the Complaint at a bench trial, the Court made its findings and rendered its decision. The City of Malden has violated the Massachusetts Wage Act.

  On August 28, 2019, Officers Jack Owens, Jeffrey Drees, Katelyn Murphy, Patrick Manolian, Scott Mann, and Sean Hussey (collectively, the "Named Plaintiffs") filed a class-action complaint in this Court against the City. See Compl., Ecf. No. 1. On November 27, 2019, the Named Plaintiffs filed an amended complaint. See Am. Compl., Ecf. No. 8.

  The amended complaint alleges a violation of the Wage Act in Count II, see id. ¶¶ 47, 48, (the "Wage Act claim"). Specifically, the Plaintiffs claim that the City violated their rights by unlawfully deducting an administrative fee of ten percent from their respective wages for the provision of police detail work. See id. ¶¶ 46, 48.

  The docket in this matter contains 110 formal notices, see Formal Notices Filing Consent Sue, ECF Nos. 34-143, filed on August 21, 2020, and a further three formal notices, Formal Notices Filing Consent Sue, ECF Nos. 187-189, filed on April 15, 2021 (collectively,

the "Notices"). The Notices are filed on behalf of "current or former employee[s] of the Malden Police Department, represented for collective bargaining purposes by either the Malden Police Patrolmen's Association or the Malden Police Superior's association" (collectively, the "Opt-In Plaintiffs"). See, e.g., John A. Delaney's Consent Opt In Plaintiff ("Opt-In Sample Delaney"), ECF No. 143. 2 The Notices reference the Plaintiffs' Wage Act and FSLA claims. See, e.g., id.

At a hearing on the parties' cross-motions for summary judgment on February 22, 2021, the Court certified a class in relation to the Plaintiffs' Wage Act claim. (Ecf. No. 267 at Pg. 3; Ecf. No. 265 at Pg. 265; see also Tr. Summ. J. at 6:17.).

A five-day jury-waived trial was held remotely on the Court's Zoom platform between May 5, 2021 and May 11, 2021 (the "trial"), during which the parties presented their arguments and examined several witnesses. See Electronic Clerk's Notes, ECF Nos. 229-235, 243-44.

The Court heard evidence from Richard Howard, former mayor of the City of Malden, on May 5, 2021 ("day one" of the trial), see id., ECF No. 230; Gary Christensen, the current mayor of the City of Malden, on day one and on May 6, 2021 ("day two" of the trial), see id., ECF Nos. 230, 231; Charles Ranaghan ("Ranaghan"), the City's controller, on day two and on May 7, 2021 ("day three" of the trial), see id., ECF Nos. 231, 232; the City of Malden Police Chief Kevin Molis ("Chief Molis") on day three and on May 10, 2021 ("day four" of the trial), see id., ECF Nos. 232, 243; City of Malden Police Captain John Amirault on day four of the trial, see id., ECF No. 243; Margaret Sullivan, the City's detail clerk, on day four and on May 11, 2021 ("day five" of the trial), see id., ECF Nos. ---- 243, 244; and from Named Plaintiff City of Malden Police Officer Jack Owens ("Owens") on day five of the trial, see id., ECF No. 244.

Both parties filed pre-trial briefing. See Def.'s Trial Br. ("City's Pre-Trial Br."), ECF No. 197; Pls.' Trial Br. ("Pls.' Pre-Trial Br."), ECF No. 200.

The City filed a motion for judgment on partial findings, Def.'s Mot. J. Partial Findings ("Mot. J. Partial Findings"), ECF No. 237, during the ongoing trial on May 10, 2021, which was allowed in part and denied in part, see Electronic Clerk's Notes, ECF No. 243. The Court allowed the City's motion with respect to Opt-In Plaintiff Heidi Mccormick and ruled that a workweek runs from Saturday of one calendar week until Saturday of the following calendar week. See Tr. Zoom Bench Trial ("Bench Trial Tr. Day Four11) 75:15-24, ECF No. 261.  The motion was otherwise denied. Id.

The City also filed a motion to decertify the Plaintiffs' FLSA claim on May 10, 2021. See Def.'s Mot. Decertify, ECF No. 236.

After the conclusion of the trial, the Court invited the parties to file post-trial briefs, which the City did on May 18, 2021. See Def.'s Post-Trial Br. ("City's Post-Trial Br. 11), ECF No. 239. The Plaintiffs filed a post-trial brief on May 28, 2021. Pls.' Post-Trial Br., ECF No. 240.

At a hearing on June 2, 2021, the Court made its post-trial rulings. See Electronic Clerk's Notes, ECF No. 245; Tr. Zoom Hr'g Rulings ("Tr. Rulings"), ECF No. 247. An order pertaining to the timing of actions required of the parties and to other future events yet to occur in this matter was entered on June 10, 2021. See Order ("Timing Order"), ECF No. 246.

On September 24, 2021, the Court Ordered as follows:

> Plaintiffs who have suffered damages up to the start of an action may collect damages incurred throughout the applicable limitations period. Crocker v. Townsend Oil Co., 464 Mass. 1, 10 (2012). The language of Massachusetts General Law chapter 149, section 150, requires that a Wage Act Claim be brought "within three years after

the violation." Mass. Gen. Laws ch. 149, § 150. Thus, the applicable limitations period for the Wage Act Claim began to run three years prior to the date of the filing of the Plaintiffs' complaint in this Court. See Crocker, 464 Mass. at 11 ("For these reasons, we conclude that the plaintiffs' recovery is limited to those damages that occurred within the three-year period prior to filing the complaint."); see also Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 23 (1st Cir. 2018) (holding that the reference to filing a complaint with the Attorney General in Massachusetts General Laws chapter 149, section 150's tolling provision does not change the notion that the filing requirement is "simply to ensure . . . notice"). Here, the Plaintiffs filed their complaint on August 28, 2019. ECF No. 1. Thus, the applicable limitations period began August 28, 2016, and ended August 28, 2019, exactly. (See Order Ecf. No. 264 at ¶ 2).

The collective bargaining agreement between the City of Malden and the Malden Police Patrolmen's Association (the "Agreement") is a partially integrated document and can, therefore, be supplemented by consistent additional terms. Cabot v. Cabot, 55 Mass. App. Ct. 756, 763 (2002) (holding that a document is partially integrated if it is not the "complete and exclusive expression of [an] agreement"); Aretakis v. Gen. Signal, Inc., Civil Action No. 05-10257-DPW, 2006 WL 1581781, at *5 (D. Mass. June 7, 2006) (Woodlock, J.) (recognizing that consistent additional terms can supplement partially integrated documents). Evidence presented at trial, including testimony from Chief of Police Kevin Molis and the Malden Police Department Detail Rules and Procedures, established that there are several enhancements (the "Multipliers") to detail rates for detail work performed under specific conditions -- strike action, after midnight, detail work by supervisors, detail work performed on holidays and detail work in excess of eight hours -- that have been routinely applied in calculating detail rates. See Tr. Zoom Bench Trial 127-128, ECF No. 260 (Molis's Testimony); Trial Ex. 12, Malden Police Department Detail Rules & Procedures ¶¶ I.17, I.21, IV.3. Furthermore, these Multipliers are not inconsistent with the language of Article 23, section 3 of the Agreement. See Agreement, Art. 23, § 3. Thus, where applicable, the Multipliers shall be taken into account in determining the relevant detail rate for the purposes of calculating damages for the Wage Act Claim. (See Order Ecf. No. 264 at ¶ 3).

All detail rates paid to Superior Officers after April 1, 2021 shall not be taken into account in calculating damages for the Wage Act Claim. (See Order Ecf. No. 264 at ¶ 4).

Any alterations or rates that depend on the Plaintiffs' Certified Public Accountant Michelle Smith's "manual adjustments" fail for lack of evidence and shall not be included in the calculation of damages for the Wage Act Claim. (See Order Ecf. No. 264 at ¶ 5).

Plaintiffs shall receive prejudgment interest on the Wage Act Claim. The City is subject to prejudgment interest. See McGrath v. City of Somerville, 419 F. Supp. 3d 233, 263-64 (D. Mass. 2019) (Saylor, J.) ("[A] waiver of the City's immunity as to prejudgment interest is clear by 'necessary implication' from the Wage Act."). Massachusetts General Laws chapter 231, section 6H governs the award of prejudgment interest on lost wages and benefits in Wage Act cases. See George v. Nat'l Water Main Cleaning Co., 477 Mass. 371, 381 (2017). The statute mandates that prejudgment interest shall be added "[i]n any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law. . . ." Mass. Gen. Laws ch. 231, § 6H. The appropriate rate of interest is set by the legislature at "twelve per cent per annum from the date of commencement of the action. . . ." Id. § 6B. Accordingly, the Plaintiffs are entitled to prejudgment interest in the amount of twelve percent per annum on any damages awarded under the Wage Act Claim.

Subsequently, on October 26, 2021, the court issued its Corrected Memorandum of Decision (Ecf. No. 267).  With respect to the Plaintiffs' Wage Act claim, the Court ruled that:

1. Although at the time of trial the Plaintiffs had not then exhausted their administrative remedies in accordance with Massachusetts General Laws chapter 149, section 150, the Court nevertheless had jurisdiction to consider and make rulings concerning the Wage Act claim.

2. Compensation received by the Plaintiffs for private detail work constitutes "wages," and the Plaintiffs are "employees" under Massachusetts General Laws chapter 149,sections 148 and 148B.

3. Massachusetts General Laws chapter 44, section 53C requires that the person requesting a private detail must pay the ten percent administrative fee, and the City violated Massachusetts General Laws chapter 44, section 53C if and to the extent that it deducted a ten percent administrative fee from the Officers' wages for private detail work instead of charging the third party that had requested the private detail.

4. Article 23, section 3 of the Agreement -- specifically the phrase "maximum patrolman's rate of pay" is ambiguous, and the phrase "maximum patrolman's rate of pay" in Article 23, section 3 of the Agreement refers to the rate of pay of the Patrolman who, in addition to his "base pay," had accumulated the maximum amount of additional benefits during a certain time period, embodied in salary augments, namely Quinn Bill pay, hazardous duty pay, longevity pay, and night differential.

> 5.  Multipliers must be taken into account when calculating an applicable detail rate because the Agreement is a partially integrated document.

(See Corrected Memorandum of Decision; Ecf. No. 267, at Pgs. 70-72).

On February 15, 2022, the Court ordered that the parties shall submit a joint proposed judgment and attorney's fee award. (Ecf. No. 271). If the parties were unable to submit a proposed judgment and attorney's fees award jointly, the Plaintiffs shall submit a proposed judgment and attorney's fee award and the City of Malden shall file a response. (id.). The Court directed the parties as follows:

> The parties' submissions should include, but are not limited to, Excel sheets containing the raw data (e.g., the individual Plaintiff, the hours worked by that Plaintiff, and the manner in which the Wage Act damages have been calculated for that Plaintiff). Each damages calculation shall be supported by citations to the specific exhibits, admitted as evidence at trial, that support the damages award.
>
> For example, should an individual qualify for enhancements to the detail rate called "Multipliers," see September 24, 2021 Order 3–4, ECF No. 264, and should those Multipliers be taken into account in that individual's damages calculation, the parties shall provide evidentiary support that the Multipliers apply, or an affidavit to that effect.
>
> Parties shall provide clearly labeled, single-sided courtesy copies of all submissions and supporting documents. The parties shall email a copy of any spreadsheets to Ms. Gaudet and opposing counsel.

(Ecf. No. 271 at Pg. 3, Fn. 2).

The Plaintiffs submit the below individualized proposed damages in compliance with the above cited rulings reflecting the damages suffered by each plaintiff from August 28, 2016, three years prior to the date of filing of the Plaintiffs class action complaint.[1] As ordered by the Court, the submission includes (1) the total proposed damages; and (2) a break down for each

---

[1] The amounts are derived fully from Trial Exhibits 23-28 and supported by citations to the specific exhibits, which were admitted as evidence at trial, as is specifically referenced in Exhibit B. (See Ecf. No. 271 at Pg. 3, fn2).

individual plaintiff with attached spreadsheets which includes within it the evidentiary basis for the calculations supporting the amounts proposed herein.  The Plaintiffs submit as an attachment herewith a report from Ms. Smith, a certified public accountant, detailing the work she performed and explaining the procedures undertaken to comply with this Court's Orders relative to the calculation of damages, as **Exhibit A**. The Plaintiffs submit as an attachment herewith a list of calculations per officer, which includes individualized damages, the total proposed damages, and the evidentiary source of each entry, as **Exhibit B**.[2]  As instructed by the Court, the Plaintiffs have emailed a copy of all spreadsheets to Ms. Gaudet and opposing counsel.  The spreadsheets show, on a line-by-line basis for every single detail within the applicable period, "the date, time and nature of the detail work performed by each … individual Plaintiff" and the source for such evidence in the trial record.  Plaintiffs submit herewith a list of all transactions which have been excluded from the proposed damages because the trial evidence did not support including those items in the proposed damages, for the reasons stated therein, as **Exhibit C**.  Plaintiffs submit herewith a spreadsheet which lists the officers who are not opted in to show to the Court those officers and the details they worked are specifically excluded from the proposed damages, as **Exhibit D**.  (See Ecf. No. 271).

    **IT IS ORDERED AND ADJUDGED AS FOLLOWS:**

    1.    On Count II of the Complaint, judgment in favor of Plaintiffs in the amounts reflected in the below chart, per Plaintiff.  As mandated by G.L. c. 149, § 150, each employee so aggrieved, having prevailed in this action, shall be awarded treble damages, as liquidated damages, for his/her lost wages.

---

[2] As instructed, all exhibits showing the calculation of damages have been filed in pdf form using the electronic case filing system and a spreadsheet version containing the raw data has been emailed to Ms. Gaudet and opposing counsel.

| Last Name | First Name | EE ID | Actual Lost Wages | Trebled Damages |
|---|---|---|---|---|
| AMIRAULT | JOHN | 10601 | $30,983.42 | $92,950.26 |
| BAILEY | PATRICIA | 10603 | $49,759.85 | $149,279.55 |
| BARTHELMES | RICHARD | 10604 | $34,858.90 | $104,576.70 |
| BELLAVIA | STEPHEN | 10605 | $72,713.87 | $218,141.61 |
| BELLAVIA | STEPHEN C | 14516 | $38,847.40 | $116,542.20 |
| BORGES | AYRTON | 15597 | $25,043.40 | $75,130.20 |
| BOURQUE | DANIEL | 13485 | $18,508.89 | $55,526.67 |
| BOWIE-PIERCE | NOELLE | 15600 | $3,399.41 | $10,198.23 |
| CALHOUN | TYLER | 12822 | $32,953.75 | $98,861.25 |
| CARLIN | CAROLE | 10609 | $4,539.45 | $13,618.35 |
| CARROLL | SCOTT | 10610 | $30,671.97 | $92,015.91 |
| CASALETTO | MICHAEL | 10611 | $24,926.45 | $74,779.35 |
| CASELLA | JAMES | 10612 | $9,158.08 | $27,474.24 |
| CATANA | DANNY | 10618 | $60,207.54 | $180,622.62 |
| CHARPENTIER | ALISON | 10668 | $806.70 | $2,420.10 |
| CHEN | ANDY | 12903 | $2,865.20 | $8,595.60 |
| CHOI | EDMUND | 10613 | $9,424.29 | $28,272.87 |
| CLEMENTE | ROBERT | 10620 | $20,522.34 | $61,567.02 |
| CLOHERTY | CONOR | 14451 | $11,499.28 | $34,497.84 |
| CO | KEVIN | 10614 | $11,733.16 | $35,199.48 |
| CONNELLY | DAVID | 14511 | $18,040.61 | $54,121.83 |
| CORREALE | RICHARD | 10622 | $26,368.46 | $79,105.38 |
| COX | NICHOLAS | 10623 | $31,034.99 | $93,104.97 |
| CRANNELL | JON | 16275 | $18,778.19 | $56,334.57 |
| DADAILLE | SANDROFF | 15990 | $4,752.12 | $14,256.36 |
| DELANEY | JOHN | 10628 | $5,506.69 | $16,520.07 |
| D'ENTREMONT | CORY | 13650 | $9,770.72 | $29,312.16 |
| DICARLO | CAMERON | 15359 | $3,888.70 | $11,666.10 |
| DILLON | SHAWN | 14860 | $14,618.37 | $43,855.11 |
| DISALVATORE | ROBERT | 10631 | $6,482.48 | $19,447.44 |
| DOHERTY | RICHARD | 14515 | $20,459.06 | $61,377.18 |
| DONOVAN | RUSSELL | 10632 | $31,662.29 | $94,986.87 |
| DREES | JEFFREY | 10633 | $23,614.68 | $70,844.04 |
| FERRICK | KEVIN | 10636 | $28,271.25 | $84,813.75 |

| FERRY | BLAKE | 16236 | $3,906.56 | $11,719.68 |
| FITZPATRICK | EDWARD | 10637 | $12,002.45 | $36,007.35 |
| FITZPATRICK | STEVEN | 10638 | $63,539.86 | $190,619.58 |
| FORTIER | RYAN | 10639 | $34,317.11 | $102,951.33 |
| FRANZESE | DAVID | 10640 | $31,584.19 | $94,752.57 |
| FROIO | JASON | 10641 | $46,347.94 | $139,043.82 |
| GATCOMB | MARC | 10642 | $32,611.89 | $97,835.67 |
| GENNETTI | SALVATORE | 10643 | $38,617.89 | $115,853.67 |
| GIORDANO | MICHAEL | 10645 | $53,982.17 | $161,946.51 |
| GOMEZ | EVER | 15077 | $24,225.82 | $72,677.46 |
| GRENIER | AMANDA | 15612 | $6,476.22 | $19,428.66 |
| GRIFFITHS | CHRIS | 10647 | $13,772.19 | $41,316.57 |
| HALLORAN | PHILIP | 10649 | $27,486.32 | $82,458.96 |
| HEADLEY | TRENT | 10650 | $40,451.94 | $121,355.82 |
| HOLLAND | MAUREEN | 10653 | $6,794.77 | $20,384.31 |
| HOPKINS | PAUL | 10654 | $86,106.17 | $258,318.51 |
| HUSSEY | SEAN | 14666 | $37,132.73 | $111,398.19 |
| ISRAELSON | ERIK | 10656 | $43,663.46 | $130,990.38 |
| KEEFE | JOSEPH | 15308 | $15,273.15 | $45,819.45 |
| KELLEY | JOHN | 10657 | $42,052.79 | $126,158.37 |
| KILLION | KEVIN | 10658 | $9,256.69 | $27,770.07 |
| KINNON | PATRICK | 15373 | $19,662.45 | $58,987.35 |
| KRUSCHEWSKY | GUSTAVO | 12819 | $45,806.44 | $137,419.32 |
| LAMOUR | JEAN | 13075 | $16,946.28 | $50,838.84 |
| LANGSTON | MICHAEL | 10660 | $24,060.76 | $72,182.28 |
| LANNI | JOHN | 10661 | $20,970.87 | $62,912.61 |
| LAW | KEVIN | 10662 | $29,248.46 | $87,745.38 |
| LOPEZ | GEORGE | 14667 | $2,965.82 | $8,897.46 |
| LUBINGER | STEVEN | 10666 | $17,566.02 | $52,698.06 |
| LUONGO | MICHAEL | 10667 | $28,072.12 | $84,216.36 |
| MACDONALD | MARGARET | 10674 | $45,540.61 | $136,621.83 |
| MACKAY | GEORGE | 10675 | $58,443.30 | $175,329.90 |
| MAHER | ADAM | 14517 | $7,003.23 | $21,009.69 |
| MANN | SCOTT | 10676 | $22,828.17 | $68,484.51 |
| MANOLIAN | PATRICK | 12787 | $43,208.22 | $129,624.66 |
| MARTINEZ | JOSEPH | 16237 | $1,339.74 | $4,019.22 |
| MCGAHEY | LAWRENCE | 10671 | $14,611.76 | $43,835.28 |

| MCKENNA | KEVIN | 10672 | $32,792.08 | $98,376.24 |
|---|---|---|---|---|
| MCLEOD | PAUL | 10673 | $28,013.97 | $84,041.91 |
| MCNEAL | ELIJAH | 14838 | $37,763.56 | $113,290.68 |
| MEDEIROS | JOHN | 10679 | $4,028.81 | $12,086.43 |
| MITCHELL | PETER | 10678 | $15,098.93 | $45,296.79 |
| MONTINA | MICHELET | 10682 | $23,335.96 | $70,007.88 |
| MONTOYA | JESUS | 10681 | $23,560.47 | $70,681.41 |
| MULCAHY | STEVEN | 10730 | $17,074.94 | $51,224.82 |
| MUNYON | STEPHEN | 14450 | $8,928.43 | $26,785.29 |
| NEWNAN | BRIAN | 10688 | $15,489.50 | $46,468.50 |
| NOBLE | STEPHEN | 10687 | $22,075.09 | $66,225.27 |
| O'BRIEN | ROBERT | 10691 | $6,396.77 | $19,190.31 |
| OWENS | JACK | 10692 | $25,681.63 | $77,044.89 |
| PACI | SALVATORE | 14120 | $22,911.70 | $68,735.10 |
| POLSTON | MICHAEL | 10694 | $10,300.46 | $30,901.38 |
| POWELL | MICHAEL | 10696 | $17,254.81 | $51,764.43 |
| QUINN | MATTHEW | 15076 | $26,159.31 | $78,477.93 |
| REDMOND | JOSHUA | 14668 | $24,280.39 | $72,841.17 |
| REYNOLDS | JOHN | 10698 | $30,007.27 | $90,021.81 |
| ROWE | WILLIAM | 10701 | $13,155.52 | $39,466.56 |
| RUSSELL | KEVIN | 16273 | $5,929.25 | $17,787.75 |
| SELFRIDGE | CAMERON | 15799 | $28,053.54 | $84,160.62 |
| SELFRIDGE | ROBERT | 10705 | $25,801.26 | $77,403.78 |
| SHAW | KYLE | 15991 | $16,920.78 | $50,762.34 |
| SHERIDAN | KEVIN | 10706 | $12,178.83 | $36,536.49 |
| SIEGEL | ADAM | 14514 | $26,128.21 | $78,384.63 |
| SYLVA | DANIEL | 15372 | $4,854.52 | $14,563.56 |
| TILLEY | BRIAN | 10712 | $28,960.26 | $86,880.78 |
| TUXBURY | EVAN | 10714 | $22,387.92 | $67,163.76 |
| WADLAND | ROBERT | 10716 | $30,749.89 | $92,249.67 |
| WALKER | JOSEPH | 10717 | $42,834.35 | $128,503.05 |
| WASHINGTON | CHARLES | 15143 | $9,506.19 | $28,518.57 |
| WATKINS | KENNETH | 14857 | $29,329.10 | $87,987.30 |
| WILSON | KEITH | 10718 | $6,074.13 | $18,222.39 |
| YUNG | DAVID | 14045 | $20,319.46 | $60,958.38 |
| HASSENFRATZ (F. MCADAM) | JUNE | 10670 | $734.24 | $2,202.72 |

| KELLEY/NUSUM | RENEE | 10689 | $553.51 | $1,660.53 |
|---|---|---|---|---|
| CENTORE (F. MURPHY) | KATELYN | 14513 | $10,117.28 | $30,351.84 |
| YANOVITCH (F. SELFRIDGE) | AMANDA | 16012 | $1,098.58 | $3,295.74 |
| **TOTAL** | | | **$2,531,389.42** | **$7,594,168.26** |

2.     Pursuant to G.L. c. 231, § 6C, the Plaintiffs are further awarded pre-judgment interest from August 28, 2019, the date of commencement of this action, through May 2, 2022, in the amount of **$825.579.72** (12% per annum from the date of commencement of this action to the date of Judgment on Count II on the Lost Wages but not upon the liquidated damages amounts)[3], or, alternatively, an amount of interest to be calculated at 12% per annum by the clerk from August 28, 2019 to the date that Judgment enters in this case.

3.     Costs shall be taxed against the Defendant as provided by law in the amount of **$40,148.75**.[4]

4.     The Court awards Plaintiffs' attorneys' fees in an amount of **$257,350.00**.[5]

5.     Post-judgment interest shall accrue as provided by law.

6.     The City of Malden is Ordered to fully satisfy this Judgment by remitting payment for the full amounts declared herein by causing payment in the amount of **$8,717,246.73** to counsel for the Plaintiffs' within thirty (30) days of the entry of this Judgment.

---

[3] George, 477 Mass. 371, 372 (2017).
[4] Plaintiffs' incorporate by reference fully herein *Plaintiff's Proposed Attorney's Fees and Costs Award*, fully detailing the specific amounts requested.
[5] Plaintiffs' Motion for Costs and Attorney's Fees, filed separately, but incorporated fully herein by reference, supports Plaintiffs' proposed attorney's fee award as to the Wage Act Claim only.

11

_____
Clerk

So ordered:

_____
William G. Young

Dated: May _____, 2022

12

Respectfully submitted,
PLAINTIFFS,
JACK OWENS, JEFFREY DREES,
KATELYN MURPHY, PATRICK
MANOLIAN, SCOTT MANN, and SEAN
HUSSEY, on behalf of themselves and all
other similarly situated,
By Their Attorney,


*/s/ Joseph A. Padolsky*
Joseph A. Padolsky (BBO# 679725)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street, 4th Floor
Boston, MA 02110
(617) 439-0305
(617) 439-0325 (facsimile)
jpadolsky@lccplaw.com

Dated: May 16, 2022

## CERTIFICATE OF SERVICE

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF

| | |
|---|---|
| Barry J. Miller (BBO # 661596) | John J. Clifford |
| bmiller@seyfarth.com | john@cliffordkennylaw.com |
| Alison Silveira (BBO # 666814) | David K. Kouroyen |
| asilveira@seyfarth.com | david@cliffordkennylaw.com |
| Timothy Buckley (BBO # 691200) | Clifford & Kenny, LLP |
| tbuckley@seyfarth.com | 31 Schoosett Street, Suite 405 |
| Seyfarth Shaw LLP | Pembroke, MA 02359 |
| Seaport East | |
| Two Seaport Lane, Suite 300 | |
| Boston, MA 02210-2028 | |

*/s/ Joseph A. Padolsky*
Joseph A. Padolsky

Dated: May 16, 2022

13